IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL T. WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-695-CFC-SRF |
| | ) | |
| CENTENE CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Michael T. Washington ("Plaintiff"), an inmate at James T. Vaughn Correctional Center ("JTVCC"), filed this action on June 15, 2026, alleging violations of his civil rights under 42 U.S.C. § 1983.[1] (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a). For the reasons set forth below, I recommend that the court DISMISS WITH PREJUDICE the official capacity claims for damages against Claire M. DeMatteis, Monroe B. Hudson, Jr., Dr. Awele Maduka-Ezeh, and Michael Records pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i) and (iii) and 1915A(b)(1) and (2), and DISMISS WITHOUT PREJUDICE all other claims.

## I. BACKGROUND

The complaint names as defendants Centene Corporation ("Centene"), Centurion of Delaware, LLC ("Centurion"), VitalCore Health Strategies ("VitalCore"), Commissioner Terra Taylor, former Commissioner Claire M. DeMatteis, former Commissioner Monroe B. Hudson, Jr., Medical Director Dr. Awele Maduka-Ezeh, and Bureau Chief Michael Records (collectively,

[1] When bringing a § 1983 claim, a plaintiff must allege a deprivation of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

"Defendants"). (D.I. 2 at ¶¶ 8-15) Plaintiff alleges that he was hit in the mouth on an unspecified date in 2021, causing damage to several of his front teeth. (*Id.* at ¶ 17) Although he immediately sought emergency care, he did not receive an initial evaluation until several weeks after the incident. A dental staff member from Centene / Centurion performed an x-ray and recommended that Plaintiff receive root canal surgery. (*Id.*) Plaintiff's supplemental statement in support of the complaint confirms that the root canal procedure was scheduled to proceed in 2021. (D.I. 8 at 2)

According to Plaintiff, Defendants maintain a policy that requires restorative treatment to be provided within one year. (D.I. 2 at ¶ 18; Ex. C) Despite being scheduled for root canal surgery in 2021, Plaintiff did not receive the surgery that year. (*Id.*; D.I. 8 at 2) Instead, Plaintiff alleges that "several years have passed and no dental root canal was performed, resulting in gum disease and the tooth condition worsened beyond repair." (D.I. 2 at ¶ 18) Plaintiff filed a medical grievance approximately four years later, on December 1, 2025, citing Defendants' failure to perform the approved root canal surgery. (*Id.*)

Plaintiff alleges he received another x-ray "[d]ue to the filing of Plaintiff's sick call and grievance complaints regarding the root canal surgery delay[.]" (*Id.* at ¶ 20) The x-ray indicated that saving the tooth would not be possible "due to severe bone loss."[2] (*Id.*; D.I. 3, Ex. B)

---

[2] Plaintiff attaches his December 1, 2025 grievance as an exhibit to the complaint. (D.I. 2, Ex. A) The decision denying Plaintiff's grievance indicates that the x-ray was performed on November 25, 2025, prior to the grievance submitted on December 1, 2025. (D.I. 3, Ex. B) However, the complaint states that the x-ray was performed in response to his "grievance complaints." (D.I. 2 at ¶ 20) In any case, each of these events occurred approximately four years after Plaintiff sustained his injury, and there are no facts in the complaint to support an inference that Plaintiff submitted either a sick call or grievance about the lack of surgery prior to 2025. Plaintiff confirms in his supplement to the complaint that "[t]his civil suit arises solely from the defendant's failure to provide the approved medically-necessary 2021 root canal procedure and the resulting injuries." (D.I. 8 at 2)

Following the results of the second x-ray, the grievance board denied Plaintiff's medical grievance. Plaintiff appealed the denial of the grievance on December 29, 2025, and defendant Records denied the appeal on January 30, 2026. (D.I. 2 at ¶¶ 20-21) On January 5, 2026, Plaintiff filed a second grievance pertaining to the alleged denial of his request to review and obtain his electronically-stored medical records. (*Id.* at ¶ 22)

The complaint asserts two causes of action. Count I asserts a claim for cruel and unusual punishment and deliberate indifference under the Eighth and Fourteenth Amendments, and Count II alleges negligent hiring, supervision, and retention. (*Id.* at ¶¶ 96-108) Plaintiff seeks declaratory and injunctive relief, as well as an award of compensatory and punitive damages. (*Id.* at 22)

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A

complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Eleventh Amendment Immunity

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). In addition, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, Section 1983 claims for monetary damages against a state official in his official capacity are barred by the Eleventh Amendment. *See id.* Plaintiff's official capacity claims for damages against Taylor, DeMatteis, Hudson, Maduka-Ezeh, and Records are therefore barred under the Eleventh Amendment and should be

DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i) and (iii) and 1915A(b)(1) and (2).

**B. Statute of Limitations[3]**

As pleaded, Plaintiff's claims against all Defendants—including corporate defendants Centene, Centurion, and VitalCore—are time-barred. Plaintiff filed the instant complaint on June 15, 2026, alleging a Section 1983 claim for violations of the Eighth and Fourteenth Amendments[4] and a claim for failure to supervise or train. Claims brought under Section 1983 are subject to the statute of limitations for personal injury actions in the state in which the cause of action accrued. *See O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006). In Delaware, the statute of limitations for personal injury claims is two years from when the cause of action accrues. 10 *Del. C.* § 8119; *see also Smith v. Delaware*, 236 F. Supp. 3d 882, 888 (D. Del. 2017) (claims under Section 1983 accrue when plaintiff knew or should have known of the actionable injury). Under federal law, a civil rights action accrues and the statute of limitations

[3] "Although the statute of limitations applicable to [Section] 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under [Section] 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record." *Paluch v. Sec'y Pennsylvania Dep't Corr.*, 442 F. App'x 690, 694 n.2 (3d Cir. 2011) (citing *Jones v. Bock,* 549 U.S. 199, 215 (2007)). Cases from this district have noted a lack of clarity regarding whether a plaintiff must plead facts in the complaint to invoke the doctrine of equitable tolling and suggested that there may be an obligation to do so. *See Love v. Williams*, C.A. No. 25-499-JLH-EGT, 2026 WL 1970580, at *5 n.4 (D. Del. July 8, 2026) ("The Court suspects that where, as here, it is clear from the face of the pleading that a claim is time-barred, the plaintiff does bear some burden of pleading that equitable tolling applies—and why.").

[4] Plaintiff alludes to a Fourteenth Amendment due process claim in the complaint based on the alleged denial of his request to review his dental and sick call records, but he does not include a cause of action for violations of his due process rights among the asserted Counts in the complaint. (D.I. 2 at ¶¶ 22-23) To the extent that Plaintiff intends to assert a due process violation, he does not identify any Defendant subject to the cause of action. In addition, cases within the Third Circuit have held that there is no "state or federal constitutional right requiring that a state prisoner be provided with copies of his medical files upon request." *Perez v. Ransome*, 2022 WL 17093942, at *8 (M.D. Pa. Nov. 21, 2022) (quoting *Hearns v. Johnson*, 2016 WL 4690386, at *6 (D.N.J. Sept. 6, 2016)).

begins to run "when the plaintiff knew or should have known of the injury upon which [his] action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (internal quotation marks and citations omitted).

Plaintiff's Section 1983 claim at Count I of the complaint alleges that Plaintiff sustained a mouth injury in 2021, he received an initial evaluation recommending surgery weeks later, and Defendants failed to perform the surgery within the one-year period required by their own policy. (D.I. 2 at ¶¶ 17-18) Although the statute of limitations may be tolled while a prisoner exhausts his administrative remedies under the Prisoner Litigation Reform Act, Plaintiff did not file a grievance regarding the incident until December 1, 2025, long after the two-year limitations period expired under the most liberal reading of the complaint. A grievance filed after the statute of limitations expires does not toll the limitations period. *See Montalban v. Powell*, 799 F. App'x 111, 112 (3d Cir. 2020); *see also Armstrong v. New Jersey Dep't of Corr.*, 2023 WL 2728733, at *6 (D.N.J. Mar. 31, 2023) (explaining that "[s]tatutes of limitations will only be [tolled] while a prisoner is actually engaged in the exhaustion process."). The complaint also fails to support application of the continuing violations doctrine. *See Cowell v. Palmer Twp.*, 263 F.3d 286, 293, 295 (3d Cir. 2001) (explaining that the continuing violations doctrine focuses on the affirmative acts of the defendant and is not "a means for relieving plaintiffs from their duty to exercise reasonable diligence in pursuing their claims.").

To the extent that Plaintiff's constitutional claim at Count I of the complaint is barred by the statute of limitations, Plaintiff's claim for failure to train and/or supervise at Count II must also be dismissed in the absence of a viable underlying constitutional violation. *See Stokes v. Lanigan*, 2011 WL 2489749, at *4 (D.N.J. June 20, 2011) (dismissing claims for *respondeat superior* liability and failure to train and/or supervise after determining the plaintiff did not

adequately allege an underlying constitutional violation). Consequently, I recommend that the court DISMISS WITHOUT PREJUDICE Counts I and II of the complaint as to all Defendants for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### C. Personal Involvement / Supervisory Liability

In addition to the foregoing deficiencies, the complaint contains no plausible allegations that Taylor, DeMatteis, Hudson, Maduka-Ezeh, or Records were personally involved in the alleged constitutional violation. It is well-established that there is no *respondeat superior* liability under Section 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Although a supervisor cannot encourage constitutional violations, the supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986); *see also Matthews v. Graves*, C.A. No. 14-445-GMS, 2014 WL 4743958, at *3 (D. Del. Sept. 19, 2014); *Bogarde v. Terra*, 2026 WL 1799233, at *5 n.8 (E.D. Pa. June 23, 2026) (rejecting failure-to-train claim based on inadequate staff with unsatisfactory performance as "nothing more than a thinly-veiled claim of *respondeat superior* liability.").

The complaint asserts the following factual allegations against Taylor, DeMatteis, Hudson, Maduka-Ezeh, and Records based on their supervisory positions:

- As Commissioners, Taylor, DeMatteis, and Hudson "systemically violated their duties to ensure adequate health care" by failing to adequately supervise Centene, Centurion, and

VitalCore and by failing to terminate the contract with the corporate healthcare providers. (D.I. 2 at ¶¶ 24-27)

- Records "denied grievance after grievance without investigating the facts" and failed to supervise the corporate healthcare providers. (*Id.* at ¶¶ 28-29)
- Maduka-Ezeh "failed to supervise the corporate Defendants and failed to call for the termination of the contract for cause," despite knowing that Centene, Centurion, and/or VitalCore failed to provide the required medical care. (*Id.* at ¶ 30)

These allegations do not suggest that Tayor, DeMatteis, Hudson, Maduka-Ezeh, or Records personally participated in the alleged unlawful activity, directed others to violate Plaintiff's rights, or had knowledge of and acquiesced in the violations. *See Richards v. Jones*, 31 F. Supp. 3d 630, 634-35 (D. Del. 2014). To the extent Plaintiff bases his claim against Records on his dissatisfaction with the grievance procedure or denial of his grievances, "any complaints regarding the investigation of grievances do not state a constitutional claim." *Winter v. Metzger*, C.A. No. 19-507-LPS, 2020 WL 838458, at *3 (D. Del. Feb. 20, 2020) (citing *Gay v. Shannon*, 211 F. App'x 113, 116 (3d Cir. 2006)). For these additional reasons, I recommend that the court DISMISS as frivolous Plaintiff's claims against Taylor, DeMatteis, Hudson, Records, and Maduka-Ezeh pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

## IV. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below.

## <u>ORDER</u>

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1. The Report and Recommendation issued on September __, 2026 is **ADOPTED**.

2. Plaintiff's official capacity claims against Taylor, DeMatteis, Hudson, Maduka-Ezeh, and Records for monetary damages are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(iii) and 1915A(b)(2).

3. The remaining claims in the Complaint are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1).

4. Plaintiff is granted one opportunity to amend his pleading on or before ____________, 2026 for the claims dismissed without prejudice. The case will be closed should Plaintiff fail to timely file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: September 28, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE